LEWIS LAMBEAU ET AL.

v.

JULIUS LEWINSKI.

*Injunctions—Nuisance.*

Upon a bill for an injunction to restrain defendants from operating their tannery, located in close proximity to the residence of complainant, on account of odors and other unpleasant features in connection therewith, this court holds, in view of the evidence, that no case was made out for an injunction, or for damages recoverable in equity, and that the decree for the complainant can not stand.

[Opinion filed January 30, 1893.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Messrs. FREEMAN & WALKER, for appellants.

Mr. JESSE COX, for appellee.

MR. JUSTICE SHEPARD. The appellee filed his bill in chancery in the court below, for an injunction against the appellants from operating their tannery, situated on the corner of Elston road and Augusta street, in the city of Chicago, in a manner injurious to the property of appellee, separated

Lambeau v. Lewinski.

therefrom by an alley sixteen feet in width, and for the recovery of damages because of certain alleged wrongful acts in connection therewith.

The decree of the Circuit Court enjoined the appellants, their agents, etc., from so operating their said tannery as to permit particles removed from skins to escape from said tannery onto the premises of complainant, and from permitting the escape therefrom of disagreeable and offensive odors more than such as are common and necessary to tanneries when the same are carefully operated, and awarded to appellee the sum of $500 as damages, besides the costs.

The lot owned by appellee is fifty-nine feet wide by one hundred feet deep, and is separated from the tannery by an alley. Upon the lot stand two frame houses, one of which, a one-story cottage facing the alley, contains seven rooms, and is occupied by two families, and the other, facing the street at the front end of the lot, an ordinary tenement structure, contains twenty-two rooms and is occupied by twenty-one persons, including the appellee and his family.

Appellee purchased the property in March, 1886. Its particular surroundings were then substantially the same as now. The general region is that of a narrow strip lying between the Milwaukee division of the Chicago & Northwestern Railroad tracks and the north branch of the Chicago river.

The appellee bought and moved upon the property, in a neighborhood where many extensive business industries were conducted, which, in their nature, and of necessity, were more or less noisome.

It is a fair inference from the use he makes of his property that he was induced to locate there by the prospect of profitable tenants from workmen engaged in the business carried on in the neighborhood.

He is not estopped to complain of nuisances connected with or growing out of the operation of those business establishments, but his complaints should only be such as are reasonable, and consistent with the necessities of the world about him.

At the time complainant purchased these premises and moved into them, the Lambeau tannery was already in operation, and had been for over sixteen years. At the present time the tannery has been located there for more than twenty-two years. The Lambeaus bought it in 1884. They had been formerly conducting a tannery elsewhere and they moved into this tannery immediately after its purchase, in 1884, and have carried on the tanning business there 'ever since.

It will be seen that when the appellee moved into the premises which he now occupies, the tannery had for many years occupied its present location, and was then conducted in the same manner and by the same parties who are now defendants in this suit, and who still operate this tannery.

About one hundred men are employed in the tannery and about $100,000 are invested in the works.

The neighborhood is a business neighborhood. Quite a large number of tanneries exist in that vicinity. A coal yard is right across the street on the river bank. The north branch of the river itself is very close to the tannery. Across the street in another direction is the Union tannery. Not far away are other tanneries. A quarter of a mile away are the gas works, concerning the smell from which complaint has been made by people in the neighborhood. It is a business neighborhood much more than a residence neighborhood. There is dock property along the river, a box factory near by, and a railroad runs close to the factory and close to complainant's premises.

There is no contention as to the law of the case, and it would serve no good end to state the legal principles applicable. The question submitted to us is solely one as to whether the facts of the case warrant the decree of the Circuit Court.

To set forth a review of the evidence on both sides, would extend this opinion inordinately, and we will not attempt it. From a careful reading of the material parts, however, and giving proper weight to the testimony of those witnesses whose opportunities appear to have been the best for

knowing the operation of the tannery, and whether the odors produced thereby and the dust from the skins, were unnecessarily offensive and injurious to the appellee, we are clearly of the opinion that appellee failed to show by the weight of the evidence, that he was entitled to the relief given by the decree of the court below.

The evidence shows to our minds that the tannery is conducted in a skillful manner, and with as little offense and damage to the neighborhood in general, and to the appellee in particular, as is consistent with the nature of the business, and known appliances.

To subject the appellants to the payment of large damages for using their property in a way which, in the nature of things, must be continuing, and will be recurring in a greater or less degree every day the tannery remains in operation, will, necessarily, result in the destruction of appellant's business, an event which should not be encouraged upon any such showing as the evidence in this case discloses.

Whether or not the appellee might maintain an action for tort against appellants because of any special injury to him or his property arising out of particular and isolated facts, disclosed by the evidence, is a question not now to be determined; but we are clear that there has been no case made out for an injunction, or for damages recoverable in equity.

We will therefore reverse the decree of the Circuit Court with directions to dismiss appellee's bill, without prejudice, however, to the right of appellee to sue at law.

*Reversed with directions.*